KORELLAS

v.

OHIO STATE UNIVERSITY.

2002-Ohio-6441.]

Court of Claims of Ohio.

No. 2001–09206.

Decided Nov. 19, 2002.

Kinsley F. Nyce, for plaintiff.

Betty D. Montgomery, Attorney General, Randall W. Knutti and Lisa M. Eschbacher, Assistant Attorneys General, for defendant.

J. WARREN BETTIS, Judge.

{¶ 1} This case came before the court for an evidentiary hearing to determine whether Andrew D. Lee was an employee of defendant, the Ohio State University ("OSU"), and, if so, whether he acted within the scope of such employment during the period within which he interacted with plaintiff. Plaintiff argued that Lee is an employee of defendant and that he is entitled to personal immunity pursuant to R.C. 2743.02(F) and 9.86. Defendant maintained that Lee was a student-athlete who was never employed by OSU, and that his relationship with defendant did not meet the statutory definition of a state employee pursuant to R.C. 109.36. Upon consideration of the evidence and testimony presented at the hearing, the court renders the following determination.

{¶ 2} R.C. 2743.02(F) provides:

{¶ 3} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. * * *"

{¶ 4}  R.C. 9.86 provides:

{¶ 5}  "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were *manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.*  * * * " (Emphasis added.)

{¶ 6}  R.C. 109.36 provides the definition of an "employee" as follows:

{¶ 7}  "(A) 'Officer or employee' means any person who, at the time a cause of action against the person arises, is serving in an elected or appointed office or position with the state or is employed by the state or any person that, at the time a cause of action against the person, partnership, or corporation arises, is rendering medical, nursing, dental, podiatric, optometric, physical therapeutic, psychiatric, or psychological services pursuant to a personal services contract or purchased service contract with a department, agency, or institution of the state; or is rendering medical services to patients in a state institution operated by the department of mental health, is a member of the institution's staff, and is performing the services pursuant to an agreement between the state institution and a board of alcohol, drug addiction, and mental health services described in section 340.021 of the Revised Code.  'Officer or employee' does not include any person elected, appointed, or employed by any political subdivision of the state."

{¶ 8}  At the hearing, plaintiff argued that because OSU fervently recruited Lee to play football and provided him a financial scholarship, OSU "hired" Lee to provide athletic excellence and success.  Plaintiff insisted that by contributing to the team's effort to produce a winning football season, Lee's acts would increase the university's coffers and further the business of OSU.  Plaintiff also asserted that the football players were encouraged by their coaches to be aggressive and motivated competitors.  According to plaintiff, it was this very passion that drove Lee to viciously assault him while he was attempting to deliver food to Lee at his residence hall during the early morning hours of September 16, 2000.  Thus, plaintiff would have this court find that Lee was a state employee and, then, that Lee acted within the course and scope of such employment when he encountered plaintiff.

{¶ 9}  Defendant argued that Lee was merely a student and a football player.  Defendant readily admitted that although Lee was eligible to attend classes, he left the university before classes commenced.  Susan Henderson, an employee of defendant, testified that she had been employed in the athletic department for the past eight years, that she was responsible for overseeing the budget, that she tracked employee salaries, and that she performed various tasks associated with human resources issues.  She acknowledged that Lee received a full grant-in-aid

scholarship that provided for room, board, tuition, books, and fees (both general and instructional). She further explained that boarding costs included a dining hall pass that provided for 21 meals per week plus a debit card labeled BuckID that allowed the student to purchase goods and meals from area shops and restaurants. She stated that there was no employment application on file, nor was the university in possession of a W–4 form for Lee. She stated that Lee was not an employee of the university and that the athletic department considered him to be a student in August 2000.

{¶ 10} In his post-hearing brief, plaintiff cited *Van Horn v. Indus. Acc. Comm.* (2d Dist.1963), 219 Cal.App.2d 457, 33 Cal.Rptr. 169, for the proposition that scholarships can be viewed as employment contracts. However, the facts in *Van Horn* differ from those in the instant case in that the student therein had received money directly from the football coach in addition to financial aid. In this case, Henderson testified that scholarship money was dispersed by the athletic department to the various departments such as food service or residence halls and that the money never went directly to Lee.

{¶ 11} Based upon the totality of the evidence, the court finds that Lee was not an employee of defendant. Consequently, Lee is not entitled to personal immunity pursuant to R.C. 9.86, and the courts of common pleas have jurisdiction over civil actions against him based upon his alleged actions in this case.

{¶ 12} The court held an evidentiary hearing to determine civil immunity pursuant to R.C. 9.86 and 2743.02(F). Upon hearing all of the evidence and for the reasons set forth in the decision filed concurrently herewith, the court finds that Andrew Lee is not entitled to immunity pursuant to R.C. 9.86 and 2743.02(F). Therefore, the courts of common pleas have jurisdiction over this matter. Pursuant to Civ.R. 54(B), this court makes the express determination that there is no just reason for delay.

Judgment accordingly.